UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Patricia Sandoval, <br><br> Plaintiff, <br><br> v. <br><br> Performance Asset Recovery Systems, LLC, <br><br> Defendant. | Civil Action No.: 3:12-cv-04401 <br><br><br> **FIRST AMENDED COMPLAINT** |

For this First Amended Complaint, the Plaintiff, Patricia Sandoval, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

# PARTIES

4. The Plaintiff, Patricia Sandoval ("Plaintiff"), is an adult individual residing in Mesquite, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Performance Asset Recovery Systems, LLC ("PARS"), is a California business entity with an address of 9007 Arrow Route, #280, Rancho Cucamonga, California 91730, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

# ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Debt**

6. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $900.00 (the "Debt") to Bally Total Fitness (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to PARS for collection, or PARS was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.   PARS Engages in Harassment and Abusive Tactics**

10. In or around September of 2012, Defendant began contacting Plaintiff in an attempt to collect the Debt.

11. Defendant placed three to four calls a day to Plaintiff's place of employment. Defendant also placed at least two calls a day to both Plaintiff's home and cellular phones.

12. On at least one occasion, Defendant placed a call after 9:00p.m. to Plaintiff's home telephone.

13. During each conversation with Plaintiff, Defendant failed to identify the name of its company.

14. Defendant also failed to inform Plaintiff that the Debt was over seven years old and was beyond the statue of limitations.

15. In a phone call placed to Plaintiff's home telephone, Defendant spoke with Plaintiff's eleven-year-old son and told him that his mom "needed to pay her bills" and that Defendant was going to take her to court. Plaintiff's son was terrified after this conversation with Defendant.

16. In calls placed to Plaintiff's place of employment, Defendant spoke with a receptionist and revealed information that the Plaintiff owed a Debt and further revealed information regarding the nature of the Debt.

17. Defendant also spoke with Plaintiff's co-worker in the Human Resources department and disclosed information regarding its attempts to collect the Debt belonging to Plaintiff. Defendant also told this co-worker that if Plaintiff did not contact Defendant within the hour, they would file a lawsuit against Plaintiff.

18. Additionally, Defendant left a message for Plaintiff's supervisor and again disclosed information regarding the Debt and stated that Plaintiff needed to contact Defendant immediately.

19. On at least one occasion, both Plaintiff and the receptionist at Plaintiff's workplace asked that Defendant stop the calls to Plaintiff's place of employment as the calls were prohibited by Plaintiff's employer.

20. Despite such requests, Defendant continued to place calls to Plaintiff's work in an attempt to collect the Debt.

21. During conversations with Plaintiff, Defendant threatened that it would bring the matter to court and that it would serve papers to Plaintiff at work or at home.

22. No such legal action has been taken.

23. Defendant also threatened to garnish Plaintiff's wages. Defendant, however, had no present ability to garnish Plaintiff's wages without first obtaining a court judgment.

24. Furthermore, Defendant failed to send Plaintiff written validation of the Debt.

C. **Plaintiff Suffered Actual Damages**

25. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

26. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I
VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties for purposes other than to confirm or correct location information.

29. The Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

30. The Defendant's conduct violated 15 U.S.C. § 1692b(3) in that Defendant contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

31. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiff after 9:00 p.m.

32. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendant contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

33. The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

34. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

35. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

36. The Defendant's conduct violated 15 U.S.C. § 1692d(6) in that Defendant placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

37. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

38. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character and legal status of the Debt.

39. The Defendant's conduct violated 15 U.S.C. § 1692e(4) in that Defendant threatened the Plaintiff with garnishment if the Debt was not paid.

40. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

41. The Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

42. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

43. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

46. The Defendant is each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

47. The Defendant threatened to take action prohibited by law, in violation of Tex. Fin. Code Ann. § 392.301(a)(8).

48.     The Defendant called the Plaintiff and failed to identify the name of the debt collection agency or the individual debt collector, with the intent to annoy and harass, in violation of Tex. Fin. Code Ann. § 392.302(2).

49.     The Defendant caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

50.     The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

51.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

53.     Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendant violated Texas state law.

54.     The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with repeated phone calls.

55.     The telephone calls made by the Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

56. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

57. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

58. All acts of the Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);
7. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 13, 2012

                                      Respectfully submitted,

                                      By */s/ Jody B. Burton*

                                      Jody B. Burton, Esq.
                                      CT Bar # 422773
                                      LEMBERG & ASSOCIATES, L.L.C.
                                      14785 Preston Road, Suite 550
                                      Dallas, Texas  75154

                                      *Counsel To:*
                                      LEMBERG & ASSOCIATES L.L.C.
                                      1100 Summer Street, 3rd Floor
                                      Stamford, CT 06905
                                      Telephone: (203) 653-2250
                                      Facsimile:  (203) 653-3424
                                      E-mail: jburton@lemberglaw.com
                                      Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 13, 2012, a true and correct copy of the foregoing First Amended Complaint was filed with the U.S. District Court for the Northern District of Texas using the CM/ECF System and that the document is available online.

                                            By  /s/Jody B. Burton
                                                    Jody B. Burton, Esq.